Walworth, Chancellor.
The plaintiff in error in this case was sued in an action of debt upon a judgment which is stated in the declaration to have been recovered against him and H. Crane, in ah action of assumpsit, in the superior court of Cincinnati, Ohio. And it does not appear by the declaration whether Crane was alive or dead at the time of the commencement of *136 this suit upon the judgment. The question for consideration therefore is, whether the declaration is so defective in substance as to make it the duty of the court to give judgment for the defendant upon a general demurrer to the declaration.
• It was decided, in the case of Horner v. Moor, in the court of ' king’s bench in England, in 1750, (see 5 Burr. Rep. 2614,) where it appeared, on the face of the declaration, not only that the bond upon which the defendant was sued was made by him jointly with another person, but also that such other person was •still living, that the neglect to join such person in the suit was a good ground for arresting the judgment. And if it could be objected to in that way, the declaration must necessarily be bad upon a general demurrer. Sergeant Williams’ note to the caste of Cabell v. Vaughan, (1 Saund. Rep. 291, n. 4,) is to the same effect; an d it may fairly be inferred from this note also, that, in his opinion, if both of those facts did not appear from the declaration, or some other pleading on the part of the plaintiff, the defendant could not raise the objection of the non-joinder of a joint obligor in any other way than by a plea in abatement. In such a plea it is well settled that the defendant must not only show that the contract upon which he is sued was jointly made by him and another person, but also that such other person is still living. (Hollingworth v. Ascue, Cro. Eliz. 355, 494.)
I have not been able to find any English case in which it has been decided that advantage could be taken of the nonjoinder of a co-obligor or promisor, upon general demurrer to the declaration, in an action upon the contract, even where it appeared by the plaintiff’s own showing that there was originally a joint contract; unless it also appeared that the joint contractor was still living. On the other hand, I have not found any actual decision in England that the objection could not be made by special demurrer, where the fact appeared upon the face of the declaration that the contract was made jointly with another, unless the plaintiff went further and showed some excuse for not making such joint contractor a party to the suit ; as by showing that he was dead, or was an infant, and therefore not legally liable upon the joint contract. The cases relied *137 on by Mr. Justice Story in Gilman v. Rives, (10 Peters’ Rep. 299,) to prove that a declaration is bad upon general demurrer, if the plaintiff shows there were other persons who contracted jointly with the defendant, will be found upon examination not to have been ordinary actions to recover a debt, or damages arising upon contract; but they were proceedings by scire facias upon records, to obtain execution thereon. (See Blackwell v. Ashton, Aleyn’s Rep. 21, Style’s Rep. 50, S. C.; The King v. Young, 2 Anst. Rep. 448; The King v. Chapman, 3 id. 811.) Those cases rest upon the technical ground that the writ of scire facias, upon a judgment or recognizance, to obtain execution thereon, must conform to the record, unless there is some suggestion in the writ showing a good reason for departing from it. In the case of Cocks v. Brewer, (7 Lond. JuRep. 218,) decided in the court of exchequer in England during the present year, this distinction between the cases referred to, and the case then under consideration, which was an action of debt upon a judgment brought against only one of the persons liable upon the same, was insisted on by the counsel upon the argument. And after taking time to consider the case, Lord Abinger said the. court were of opinion that the distinction taken upon the argument between proceedings by scire facias and in ordinary actions, seemed to be a sound one. He also said there was no substantial difference-between the case then under consideration, and the ordinary case of an action on a contract, the judgment being the foundation of the duty. And consequently that the absence of the other party against whom the judgment was recovered, was only ground for a plea in abatement.
The case of Osborn v. Crosbern, (1 Sid. Rep. 238,) which came before the court of king’s bench in 1665, is one of the' earliest cases upon the subject of the non-joinder of joint contractors. The court, in that case, is reported to have said, that if three were bound, and the action was brought against two,, the plaintiff must show that the third was dead. But it will be seen from the report that was not the question before the court; nor is it stated whether the court supposed the defett *138 dant could avail himself of the objection by a general demurrer to the declaration or must demur specially.
. It appears to be established, by many cases in England, that where the suit is brought against one defendant, either upon a !joint promise, or upon a joint bond, or 'even upon a judgment recovered against two, without stating that any other person than the defendant made the promise, or executed the bond, or-was liable upon the judgment, if the defendant neglects to make the objection by a plea in abatement, but pleads non assumpsit, non est factum, or nul tiel record, the plaintiff Avill be entitled to recover; although upon the trial, or upon the production of the record, the joint liability of the other parties appear. (Abbot v. Smith, 2 W. Black. Rep. 947; Richards v. Heather, 1 Barn. & Ald. Rep. 29; South v. Tanner, 2 Taunt. 254; Rice v. Shute, 5 Burr. Rep. 2611; Addison v. Overend, 6 Term Rep. 770; Cocks v. Brewer, 7 Lond. Jur. Rep. 218; Whelpdale's case, 5 Coke's Rep. 119, a.) And it will make no difference, in such cases, even should the jury find a special verdict showing not only that the obligation was made jointly by the defendant and another person, but also that such other person is still living. (Stead v. Moon, Cro. Jac. 152.) Many cases will also be found in. the reports of our own country showing that upon such a declaration it is no ground of nonsuit that it appears at the trial that the contract upon which the defendant was sued was made jointly with him and another person, who is then living, so that he might have been joined in the suit.
It also appears to be well settled here, as well as in England, that where the suit is upon a specialty, and it is not stated in the declaration that the bond or other instrument was executed jointly with another, if the plaintiff, upon a demand of oyer, sets out a bond or other specialty which purports upon its face to have been executed by the defendant and others jointly, the defendant cannot, by making the bond or other instrument a part of the record, demur to the declaration. (Putt v. Nosworthy, 1 Vent. 135; Anonymous, Sir W. Jones' Rep. 303; Cloud v. Nicholson, 8 Mod. Rep. 242 ; Cabell v. Vaughan, 1 Saund. Rep. 291; Moore's ex'rs. v. Russell, 2 Bibb's (Kent.) *139 Rep. 291; McArthur v. Ladd, 5 Hamm. (Ohio) Rep. 517.) It is truly said, in reference to this class of cases, that it does not appear from the declaration and the oyer that the persons whose names appear upon the bond, or other instrument, actually executed the same ; and therefore it is not equivalent to stating a joint contract in the declaration against one of the parties thereto without joining the others. That reason perhaps may apply to the present case. ' Although this declaration states the recovery of a judgment against the defendant and another person, it does not necessarily follow that the plaintiff could recover in this suit against the latter upon that judgment, so as to authorize the bringing of a joint suit against both. For the judgment being recovered in another state, and it not being alleged in the declaration that Crane was ever served with process in that suit, it may have been recovered against him upon a mere attachment of property there, which would not make such judgment even prima facie evidence as against him, if that fact should appear upon the production of the record.
The counsel for the plaintiff in error, upon the argument, cited Hickmot’s case (9 Coke’s Rep. 52) as a decision in his favor upon the point that where, by the plaintiff’s own pleadings, it appeared that another person was jointly liable with the defendant originally, judgment must be given for the defendant, if the plaintiff did not excuse the neglect to make such other person a party, by showing that he was dead. Had the court decided the point raised by the pleadings in that case, it would have been an authority to show that the objection for the nonjoinder might be taken by demurrer. But it is not stated whether the demurrer there was general or special. And by a careful examination of the report in that case, it will be seen that, although this point was raised there, it was not decided. The court decided the two first questions, which related to other matters. But what has been taken for the decision of the court upon this question will, upon examination, be found to be a mere statement of the point, to which the reporter adds: “ But the court gave day to another term, at which day the plaintiff was nonsuit.” Not that the court decided the point and non- *140 suited the plaintiff at the next term; for the proper judgment, if they had decided against the plaintiff, would have been that the suit should abate. But as I understand it, the plaintiff voluntarily submitted to a nonsuit, or withdrew his action, and did not appear at the next term; probably for the purpose of commencing a new suit against both of the obligors in the bond, if he saw that the inclination of the members of the court then present was against him. And this accords with what is said in the anonymous case in Sir W. Jones' Reports, p. 304, “ that there was no resolution upon that point, as the chief justice was absent.”
In the recent edition of Coke’s reports, Mr. Fraser, the able annotator, in a note to Whelpdolds ease, (5 Coke’s Rep. 242, n. A.,) says, that in all cases of a joint obligation, or deed, or a joint contract in writing, or by parol, if one only be sued, he must plead the matter in abatement, and cannot take advantage of it afterwards upon any other plea, or in arrest of judgment, or give it in evidence; unless indeed it appears on the face of the declaration, or any other pleading of the plaintiff, that another jointly contracted with the defendant and is still living. In Churchill v. Gardner, (7 Term Rep. 592,) this point was attempted to be raised on the argument of a demurrer to a declaration which showed that the defendant and others not joined with him in the suit, jointly accepted the bill, upon the acceptance of which the suit was brought. The court of king’s bench, as the reporter says, hinted a strong opinion that there was no foundation to that objection; but that if it had any weight at all, which they doubted, it should have been pointed out as a special cause of demurrer. And because the defendant had not stated this objection as one of the special causes in his demurrer to the declaration, he was not allowed to avail himself of it in that case. Of course it did not become necessary for the court to decide there whether the plaintiff’s declaration would have been good upon special demurrer.
This case, however, is a decision directly to the point that the present plaintiff in error could not avail himself of the non-joinder of Crane by a general demurrer to the *141 declaration. For if the objection was a valid one, and could have been raised by general demurrer, the defendant, in the case of Churchill v. Gardner, would have been entitled to a judgment in his favor.
There is no good reason why the defendant in such a case should be permitted to raise a formal objection of this kind by general demurrer, since the statute requiring matters of form to be specially pointed out. Where it appears by the plaintiff’s own showing that there is a joint contractor still alive, who has not been made a defendant in the suit, it is evident that he ought not to be permitted to proceed in such suit without making him a party. But where it does not appear that the joint contractor who is not sued is in full life, but a mere inference of law arises that he may be, the defendant, if he can raise the objection by demurrer, should demur specially. For if the attention of the plaintiff was called to the fact by a special demurrer that it did not appear by his declaration but that such joint debtor was in full life and might have been joined in the suit, he might amend his declaration, where the fact would justify it, and cure the apparent irregularity by showing that the joint contractor was dead, or had been discharged under the bankrupt act, or that he was an infant and therefore would not be legally bound by the contract if he chose to make that objection. And either of these would be a good answer to the apparent informality appearing in the original declaration. The legislature having prohibited the defendant from delaying the suit by a plea in abatement where the declaration does not show a joint indebtedness, unless he shows the joint contractor is in full life as well as the joint liability, by swearing to his plea, the plaintiff ought not to be turned out of court, by a general demurrer, upon the mere presumption that such party may be still alive and subject to a suit upon the joint contract. For these reasons, although I am inclined to think, in the absence of any' direct authority to the contrary in England, before the revolution, or in this state since, that the objection to the declaration in the present case might have been valid if specially pointed out by the demurrer, I am satisfied it is not an objection of which the *142 defendant can avail himself, in this state, either by general demurrer to the declaration, or by a motion in arrest of judgment.
I am aware that, in the case of Gilman v. Rives, before referred to, and in the cases cited by the court below from the reports of Virginia and of Maine, (Leftwich v. Berkeley, 1 Hen. & Munf. 61, Harwood v. Roberts, 5 Greenl. Rep. 441,) the objection has been held good upon general demurrer, motion in arrest of judgment, and even upon a writ of error after a judgment entered by default against the defendant. But the decisions in all of those cases appear to be based upon the English decisions in the three scire facias cases from Aleyn, Style, and Anstr lather ; without adverting to the distinction between proceedings of that kind and ordinary actions. And it has been decided by the courts of other states that the defendant cannot avail himself of the objection of non-joinder in any form of pleading, unless it appears that the joint contractor who is not sued is in full life, as well as jointly liable with such defendant. (See Mackall v. Roberts, 3 Monr. (Kent.) Rep. 130; Geddes v. Hawk, 10 Serg. & Rawle (Penn.) Rep. 38.)
I therefore think the decision of the superior court of the city of New-York in this case was not erroneous; and that the judgment of the supreme court sustaining that decision should be affirmed.
Putnam, Senator, delivered an opinion concurring in substance with that of the chancellor, but maintaining that the non-joinder of Crane could only be taken advantage of by plea in abatement.
On the question being put, “ Shall this judgment be reversed?” all the members of the court present who heard the argument, twenty-one in number, voted for affirmance.
Judgment affirmed.(a)

 See The State of Indiana v. Woram and others, (ante, p. 33.)